**NOT FOR PUBLICATION**

**FILED**

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR GIOVANNI OLIVA PALENCIA, AKA Roberto Leone Estrada, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-71134 <br><br> Agency No. A205-310-835 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Edgar Giovanni Oliva Palencia, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Oliva Palencia does not challenge the agency's dispositive determination that his asylum application was untimely. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to his asylum claim.

Substantial evidence supports the agency's determination that Oliva Palencia failed to establish that the harm he experienced or fears in Guatemala was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Oliva Palencia's withholding of removal claim fails.

In light of this disposition, we do not reach Oliva Palencia's remaining contentions as to withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

2

Substantial evidence also supports the agency's denial of CAT relief because Oliva Palencia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**